**ASSOCIATED TRUCK LINES, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 79–1019.

United States Court of Appeals, Sixth Circuit.

Jan. 9, 1981.

R. Ian Hunter, Robert L. Mercado, Matheson, Bieneman, Parr, Schular & Ewald, Bloomfield Hills, Mich., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., Bernard Gottfried, Dir. Region 7, N.L.R.B., Detroit, Mich., Linda Weisel, Washington, D. C., for respondent.

Before LIVELY and KEITH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

ORDER

This case is before the court upon the petition of Associated Truck Lines, Inc. to set aside an Order of the NLRB. The Board has filed a cross-application for enforcement of its Order. The NLRB's decision is reported at 239 NLRB No. 127. The Board found that the Company violated Section 8(a)(3) and (1) of the National Labor Relations Act by conditioning the rehiring of employee Wendell Frost upon Richard Bate's resignation as union steward.

Based on the facts recited in the briefs and record, the Board found that the Company violated Section 8(a)(3) and (1) of the Act by conditioning the rehiring upon a union officer's resignation. The Board's Order required the Company to cease and desist from conditioning the reinstatement of any employee on the resignation of the union steward and from in any other manner interfering with, restraining, or coercing employees in the exercise of their rights guaranteed in Section 7 of the Act. The

Order also required the Company to offer Frost full reinstatement to his former job, or if such job no longer exists, to a substantially equivalent position, without prejudice to his seniority or other rights and to give Frost back pay from the date of his termination.

The Company appeals to this court that the Board did not establish that anti-union animus was the cause of the Company's refusal to reinstate Frost and, therefore, that reinstatement and back pay to Frost should not have been allowed.

■■■ We conclude that there is substantial evidence in the record to support the Board's finding that the Company conditioned the reinstatement of an employee on the removal of a union officer from his position. Such a veto power over union activity cannot be permitted. But the court believes that it is fair and equitable that Frost receive back pay only from the date of the conditional offer to rehire, August 22, 1977, and not from the date of termination of employment.

Accordingly, we enforce the Board's Order with the above-stated modification.